**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04601 MMM (PJWx) | Date | November 13, 2009 |
|---|---|---|---|

| Title | *Henry Palacios v. IndyMac Bank, FSB, et al.* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

|  ANEL HUERTA  |  None  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

| Proceedings: | **Order to Show Cause Why Action Should Not Be Remanded to State Court for Lack of Subject Matter Jurisdiction** |
|---|---|

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 2009, plaintiff Henry Palacios filed this action against Indymac Bank, FSB and Does 1-10.[1]  Defendant OneWest Bank Group ("OneWest") was subsequently substituted in place of Doe 1.[2]  OneWest removed the action to this court on June 25, 2009, invoking the court's federal question jurisdiction and its diversity jurisdiction under the Class Action Fairness Act ("CAFA").  At a scheduling conference on November 2, 2009, the court advised the parties that it was in doubt whether it had subject matter  jurisdiction to hear this action and that it intended to issue an order to show cause regarding remand.[3]

---

[1]Complaint, attached as Exh. 1 to Notice of Removal of Action ("Notice of Removal"), Docket No. 1 (June 25, 2009).

[2]Amendment to Complaint, attached as Exh. 2 to Notice of Removal.

[3]At the scheduling conference, the court also explained to the parties that it had not issued an order to show cause at an earlier date because the Federal Deposit Insurance Corporation ("FDIC"), which had acted as receiver upon the closure of IndyMac Bank, had represented that it intended to substitute itself as a defendant in place of IndyMac "as soon as practicable."  (Notice of

## II.  DISCUSSION

### A.    Legal Standard Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern National Life Insurance Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); *id.* at § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

Federal question jurisdiction is presumed to be absent unless a defendant, as the party seeking removal, shows that the plaintiff has either alleged a federal claim, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916), a state cause of action that requires resolution of a substantial issue of federal law, *Grable & Sons Metal Products., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313 (2005); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65 (1987).

---

Consent to Removal of Action, Docket No. 3 (June 25, 2009).)   Because this would have extinguished the court's jurisdictional concerns, the court postponed issuing an order to show cause. The FDIC still has not appeared in the action, and the parties expressed uncertainty at the scheduling conference as to whether the FDIC would be made a party.  Consequently, the court now believes it is appropriate for OneWest to show cause why the court should not remand the action for lack of subject matter jurisdiction.  (See Civil Minutes, Docket No. 15 (Nov. 2, 2009).)

Whether one of these criteria is satisfied must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Plaintiffs are the "master[s] of the[ir] claim[s]." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, where plaintiffs can state claims under both federal and state law, they can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

There is an exception to the "well pleaded complaint" rule, however. Under the "artful pleading" doctrine, a plaintiff cannot defeat removal of a federal claim by disguising or pleading it artfully as a state law cause of action. If the claim arises under federal law, the federal court will recharacterize it and uphold removal. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n. 2 (1981); *Schroeder v. TransWorld Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983). The artful pleading doctrine applies to "(1) complete preemption cases, and (2) substantial federal question cases." *Lippitt v. Raymond Jones Financial Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (citations omitted). "Subsumed within this second category are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." *Id.* at 1041-42 (citing *Merrill Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814 (1986)).

"Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393; *ARCO Environmental Remediation, L.L.C. v. Department of Health & Environmental Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000) ("A state-created cause of action can be deemed to arise under federal law . . . where federal law completely preempts state law"). The complete preemption doctrine is narrowly construed. See *v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) (calling the complete preemption doctrine a "narrow exception to the 'well-pleaded complaint rule'"); *Gatton v. T-Mobile USA, Inc.*, No. SACV 03-130 DOC, 2003 WL 21530185, * 5 (C.D. Cal. Apr. 18, 2003) ("The complete preemption doctrine is, however, extremely narrow," citing *TPS Utilicom Services, Inc. v. AT & T Corp.*, 223 F.Supp.2d 1089, 1097 (C.D. Cal. 2002)). Indeed, complete preemption arises only when a federal statute has "extraordinary" preemptive force. *Metropolitan Life Insurance Co.*, 481 U.S. at 65; *Holman*, 994 F.2d at 668 ("The [complete preemption] doctrine applies in select cases where the preemptive force of federal law is so 'extraordinary' that it converts state common law claims into claims arising under federal law for purposes of jurisdiction," citing *Caterpillar*, 482 U.S. at 386). Whether or not a statute provides the exclusive cause of action for certain claims is the "dispositive question." *Beneficial National Bank v. Anderson*, 539 U.S. 1, 9 (2003); *Montes v. Homeq Servicing*, No. 02:09-cv-05871-FMC-FFCx, 2009 WL 3172712, *5 (C.D. Cal. Sept. 29, 2009) (holding that "TILA does not completely preempt state law claims . . . because it does not provide the exclusive cause of action, which is 'the dispositive question,'" quoting *Beneficial National Bank*, 539 U.S. at 9).

Additionally, the artful pleading doctrine precludes plaintiffs from preventing removal when "an issue of federal law undergirds a claim otherwise based in state law." *County of Santa Clara v. Astra USA, Inc.*, 401 F.Supp.2d 1022, 1025 (N.D. Cal. 2005).

> "Such a claim, however, may only be removed to federal court if it meets certain conditions: (1) it must raise a stated federal issue, (2) determination of the federal issue must be necessary to the resolution of the claim, (3) the federal issue must be actually disputed, (4) the federal issue must be substantial, and (5) the federal court must be able to entertain the claim 'without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable & Sons Metal Products., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005)).

In *Grable*, the Internal Revenue Service had seized property from Grable after providing notice, and then had sold the property to a third party. *Grable*, 545 U.S. at 310-11. In a subsequent action to quiet title in state court, Grable claimed that the third party's title was invalid because, under his interpretation of the statute, the notice provided by the IRS did not satisfy the Internal Revenue Code. *Id.* at 311. Thus, interpretation of a federal statute was in dispute, and was indeed "the only legal or factual issue in the case." *Id.* at 315. The Supreme Court held that Grable's claim fell within the court's subject matter jurisdiction because it raised a "contested and substantial federal question" and the exercise of "federal jurisdiction [was] consistent with congressional judgment about the sound division of labor between state and federal courts." *Id.* at 313. *Grable* delineates a further narrow set of circumstances under which federal courts may assert jurisdiction over state law claims even when no federal claim is alleged.

## B.    Whether Plaintiff's Claims are Completely Preempted by Federal Statute or Raise a Disputed, Substantial Question of Federal Law

Plaintiff has not alleged a federal claim; all six claims pleaded in the complaint are state law claims.[4] OneWest contends, however, that "on closer examination of the allegations, it is clear that each of the Plaintiff's claims properly arise under United States law."[5] To illustrate, OneWest references plaintiff's allegation that defendant "failed to provide a Good Faith Estimate to putative class members, *i.e.*, in violation of the federal Real Estate Settlement Procedures Act, 12 U.S.C. § [2601 *et seq.*] ('RESPA')."[6] OneWest contends that because this allegation is

---

[4]The Complaint alleges claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) intentional misrepresentation, (4) negligent misrepresentation, (5) fraud, and (6) violation of California Business and Professions Code § 17200. (Complaint, ¶¶ 23-55.)

[5]Notice of Removal, ¶ 7.

[6]*Id.* Significantly, despite the repeated express references to federal statutes throughout the complaint, plaintiff pleads only state law causes of action.

incorporated by reference into each cause of action in the complaint, all claims are "predicated upon . . . purported violations of [RESPA]."[7]  Additionally, plaintiff includes as "background allegations" information regarding purported Truth in Lending Act ("TILA") violations,[8] such as allegations that defendant failed to provide putative class members with the "required [federal] Truth in Lending Disclosures," and failed to provide the "required disclosure of the Annual Percentage Rate  ('APR') to be charged on the loan."[9]  These allegations are repeated or incorporated by reference into each cause of action.[10]   Consequently, OneWest contends that each of plaintiff's claims is also predicated on purported violations of TILA.[11]

OneWest does not clearly assert that either TILA and RESPA completely preempts plaintiff's state law claims, however, or that those claims raise a contested, substantial federal question.  On its face, TILA purports to have limited preemptive effect.  See 15 U.S.C. § 1610 ("[P]art [A] and parts B and C of this subchapter do not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this subchapter and then only to the extent of inconsistency").  This savings clause suggests that TILA does not provide the exclusive cause of action for violations of its terms, which is the dispositive question.  *Barela v. Downey Savings and Loan Association*, No. CV 09-3757 AHM (PLAx), 2009 WL 2578889, *4 (C.D. Cal. Aug. 18, 2009) ("TILA itself does not provide an exclusive cause of action: it has a 'savings clause' stating that it preempts state law only if the state law is inconsistent with TILA"); *Montes v. Homeq Servicing*, No. 02:09-cv-05871-FMC-FFMx, 2009 WL 3172712, *5 (C.D. Cal. Sept. 29, 2009) ("TILA does not completely preempt state law claims . . . because it does not provide the exclusive cause of action"); see also *In re Nos Communications, MDL No. 1357*, 495 F.3d 1052, 1058 (9th Cir. 2007) (explaining that "a savings clause is fundamentally incompatible with complete field preemption; if Congress intended to preempt the entire field . . . there would be nothing left . . .  to 'save,' and the provision would be mere surplusage").

RESPA has a saving clause similar to that found in TILA.  See 12 U.S.C. § 2616 ("This chapter does not annul, alter, or affect, or exempt any person subject to the provisions of this chapter from complying with, the laws of any State with respect to the settlement practices, except to the extent that those laws are inconsistent with any provision of this chapter, and then

---

[7]*Id.* See Complaint, ¶ 7.  This allegation is incorporated into paragraphs 23, 34, 38, 42, 46, and 51 of the complaint.

[8]See Complaint ¶ 16-22.

[9]*Id.*, ¶¶ 16-17.

[10]See, e.g., *id.*, ¶¶ 24-27, 34, 38-39, 42-43, 46-47, 51-52.

[11]Notice of Removal, ¶ 7.

only the extent of the inconsistency"); *Munoz v. Financial Freedom Senior Funding Corp.*, 567 F.Supp.2d 1156, 1163-64 (C.D. Cal. 2008) ("[T]he anti-preemption clause in RESPA has little meaningful difference from the anti-preemption clause in TILA"). Thus, the weight of authority appears to support the proposition that "neither RESPA nor TILA completely preempts state law claims." *Homesales, Inc. v. Frierson*, No. CV 08-08607 MMM (FMOx), 2009 WL 365663, *2 (C.D. Cal. Feb. 11, 2009); *U.S. National Association v. Almanza*, No. 1:09-CV-28 AWI DLB, 2009 WL 161082, *2 n. 2 (E.D. Cal. Jan. 22, 2009) ("[N]either RESPA nor TILA completely preempt state law" (quotation omitted)).

Second, although OneWest has alleged that plaintiff's claims implicate substantial federal issues regarding RESPA and TILA, OneWest's notice of removal does not adequately demonstrate that these issues must necessarily be resolved by a federal court or that a federal court can entertain the issues without disturbing a congressionally approved balance of federal and state judicial responsibilities. *Grable*, 545 U.S. at 314. To satisfy the court that it has jurisdiction, defendant must show that a particular claim of plaintiff's can *only* be resolved by interpreting federal law. See *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper"). If alternative and independent state law theories support plaintiff's state law claims, the court must enforce the rule that plaintiff is the "master" of his claims and remand the case to state court. *Caterpillar*, 482 U.S. at 392; *Duncan*, 76 F.3d at 1485 ("In addition, the plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only the state claims, and defeat removal").

Courts in this circuit have recognized the extremely limited nature of the *Grable* exception, heeding *Grable*'s warning that the presence of a federal issue is not "a password opening federal courts to any state action embracing a point of federal law." *Grable*, 545 U.S. at 314. See, e.g., *Armitage v. Deutsche Bank AG*, No. C 05-3998 PJH, 2005 WL 3095909, *4 (N.D. Cal. Nov. 14, 2005) (finding *Grable* inapposite and remanding where, *inter alia*, "interpretation of the tax issues in question is not a *necessary* part of the proceedings" (emphasis original)); see also *Baker v. BDO Seidman, L.L.P.*, 390 F.Supp.2d 919, 921 (N.D. Cal. 2005) (finding *Grable* inapposite and remanding where plaintiffs advanced two alternate and independent theories of liability, one of which allowed for resolution of plaintiffs' claims on state law grounds without the need to interpret federal law); *In re Circular Thermostat*, No. MDL C05-01673WHA, 2005 WL 2043022, *5 (N.D. Cal. Aug. 24, 2005) ("The proper inquiry, then, is whether 'some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.' The key word is 'necessary.' To be sure, trademark validity and defendant's alleged fraud upon the PTO will no doubt be a large part of the proceedings in these actions, but this order finds that a federal question is not a *necessary* element of plaintiffs' state claims. 'When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim.' In other words, just because an element that is essential to a particular *theory* might be governed by

federal trademark law does not mean that the entire monopolization *claim* 'arises under' federal law" (citations omitted) (emphasis original)); see also *Glanton v. Harrah's Entertainment, Inc.*, 297 Fed.Appx. 685, 686 (9th Cir. Oct. 29, 2008) (Unpub. Disp.) ("Because none of Glanton's claims was created by federal law, the district court may only have subject matter jurisdiction over this case if: (1) the federal issues are essential to his claims; (2) there is a substantial federal interest in resolving such issues; and (3) a federal forum may entertain the state-law claims without disturbing the balance of federal and state judicial responsibilities").

Defendant has yet to demonstrate that plaintiff's claims "necessarily" raises substantial and disputed questions arising under RESPA or TILA.  See *Grable*, 545 U.S. at 314; *Glanton*, 297 Fed.Appx. at 686.  Accordingly, the court directs defendant to make such a showing if it desires to invoke the court's jurisdiction under this theory.

### C.      Whether CAFA's Subject Matter Jurisdiction Requirements are Satisfied

OneWest also contends that "this action may be removable pursuant to the Class Action Fairness Act of 2005 ("CAFA").[12]  CAFA vests original jurisdiction in district courts to hear civil class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "in which[, *inter alia*,] any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2); see also *Luther v. Countrywide Homes Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) ("The Class Action Fairness Act of 2005 § 4(a), 28 U.S.C. § 1332(d)(2), amended the requirements for diversity jurisdiction by granting district courts original jurisdiction over class actions exceeding $5,000,000 in controversy where at least one plaintiff is diverse from at least one defendant.  In other words, complete diversity is not required.  CAFA was enacted, in part, to 'restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.' Pub.L. No. 109-2, § 2(b)(2), 119 Stat. 4, 5 (codified as a note to 28 U.S.C. § 1711)").

Under CAFA, the number of members of all proposed plaintiff classes must exceed 100 in the aggregate.  28 U.S.C. § 1332(d)(5)(B).  See also *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007) ("As a threshold matter, CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.' § 1332(d)(5). . . . Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over class actions if (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant. § 1332(d)(2)"); *id.* at 1021 n. 3 ("The Fifth Circuit characterized § 1332(d)(5) as an 'exception'

---

[12]*Id.*, ¶ 8.

to CAFA jurisdiction conferred under § 1332(d)(2). . . .  We view § 1332(d)(5) somewhat differently. . . .  [S]atisfaction of § 1332(d)(5) serves as a prerequisite, rather than as an exception, to jurisdiction under § 1332(d)(2).  This distinction is important because, as we address later, there are 'exceptions' to the statute in which jurisdiction otherwise exists under § 1332(d)(2) but the federal courts either *may* or *must* decline to exercise that jurisdiction.  See, e.g., § 1332(d)(3)-(4)").

Even if the number of members in the class exceeds 100, the district court "shall decline to exercise jurisdiction" over a class action in which (a) more than two-thirds of the class members are citizens of the state in which the action was originally filed; (b) plaintiffs seek significant relief against at least one defendant whose conduct forms a significant basis for the claims asserted by the class and who is a citizen of the state in which the action was originally filed; (c) the principal injuries were incurred in the state in which the action was originally filed; and (d) during the three-year period preceding the filing of the class action, no other class action was filed asserting the same or similar allegations against any of the defendants on behalf of the same or other persons."  See 28 U.S.C. § 1332(d)(4)(A).  The district court must also decline to exercise jurisdiction over a class action in which two-thirds or more of the class members, and the primary defendants, are citizens of the state in which the action was originally filed.  See 28 U.S.C. § 1332(d)(4)(B).  Additionally, the district court may decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of the plaintiff class and the primary defendants are citizens of the state in which the action was originally filed based on consideration of six factors.[13]  See 28 U.S.C. § 1332(d)(3).

Here, the court has doubts as to whether the foregoing jurisdictional requirements are satisfied.  In particular, the complaint does not allege that the class size exceeds 100 members, nor does it allege that the aggregate amount in controversy exceeds $5 million.  Further, OneWest's bald assertion that "this action may be removable pursuant to [CAFA]" is insufficient to demonstrate that the jurisdictional requirements are satisfied.  Accordingly, if defendant invokes jurisdiction under CAFA, it must demonstrate that the jurisdictional prerequisites are in fact satisfied.

---

[13]The six factors are: "(A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid federal jurisdiction; (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed."  28 U.S.C. § 1332(d)(3).

### III.  CONCLUSION

Accordingly, defendant is ordered to show cause on or before **November 23, 2009**, why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.  Should defendant fail to respond by this date, the court will remand the action to state court forthwith.  Plaintiff may file a response to defendant's pleading on or before **November 30, 2009**.